UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Emily Claire Hari, f/k/a Michael Hari, | Case No. 21-mc-66 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tony Childress, Sheriff of Livingston County, | |
| Defendant. | |

---

Emily Claire Hari, f/k/a Michael Hari, Livingston County Jail, 844 West Lincoln Street, Pontiac, IL 61764 (pro se Plaintiff); and

David M. Dahlmeier and Jeffrey R. Mulder, Bassford Remele, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402 (for Defendant).

---

This matter is before the Court, Magistrate Judge Tony N. Leung, on Plaintiff's Verified Motion to Compel Compliance with Subpoena and Brief in Support, ECF No. 6. For the reasons set forth below, the motion is denied as moot.

**I. BACKGROUND**

In March of 2018, Plaintiff, then known as Michael Hari, was arrested in the State of Illinois. *See Hari v. Stuart*, No. 19-cv-1330 (ECT/TNL), 2020 WL 7249816, at *2 (D. Minn. Aug. 21, 2020), *report and recommendation adopted*, 2020 WL 6391305 (D. Minn. Nov. 2, 2020). She was indicted and later convicted in this district on several charges related to the bombing of an Islamic Center and Mosque in Bloomington, Minnesota. *See United States v. Hari, et al.*, 18-cr-150 (DWF/HB) (D. Minn.), ECF Nos. 1, 14, 324, 504.

1

She also faces charges in Illinois that relate to the unlawful possession of a machinegun, attempted arson, interference with commerce by threats and violence, and unlawful possession of a firearm for her alleged involvement in the White Rabbits militia. *See United States v. Hari*, No. 18-cr-20014 (C.D. Ill.), ECF Nos. 32, 39, 94.

Plaintiff filed suit, her third in this district related to her pretrial detention, in *Hari v. Smith, et al.*, No. 20-cv-1455 (ECT/TNL) (D. Minn.) [hereinafter *Hari v. Smith*] on June 24, 2020. She filed an amended complaint as a matter of course on March 16, 2021. Am. Compl., *Hari v. Smith*, ECF No. 47. In this amended complaint, Plaintiff alleges that the defendants, a group of 20-plus law enforcement and corrections officials, engaged in a conspiracy to violate her rights under the First, Fourth, and Sixth Amendments, and that certain defendants violated federal and state wiretapping laws. *See generally id.* This was allegedly accomplished in part through the collection and review of recordings of her privileged telephone calls and interference with and reading of her privileged legal mail and legal materials. *Id.* Some of the alleged violations took place while Plaintiff was housed in the Livingston County Jail in the Central District of Illinois. *Id.*

On June 9, 2021, Plaintiff obtained a subpoena that directed Defendant, the Sheriff of Livingston County, to produce "[a]ll emails, memoranda or other documents relating to the interception of phone calls or mail to or from former inmate [Plaintiff]," "[a]ll logs of copied mail or phone calls," and "[r]ecordings of any phone call to" three separate phone numbers. ECF No. 1. Plaintiff served the subpoena upon Defendant and later sent Defendant a "Meet and Confer on Subpoena Response." Decl. of John P. Heil, Jr. at 1, ECF No. 15.

On September 15, 2021, Plaintiff initiated an action to enforce the subpoena in the United States District Court for the Central District of Illinois. *See Hari v. Childress*, No. 21-mc-1005 (C.D. Ill.), ECF No. 2. On October 1, 2021, Magistrate Judge Jonathan E. Hawley transferred the matter to this Court and terminated the Central District of Illinois action. *Id.*, ECF No. 3.

On October 21, 2021, Plaintiff filed a Verified Motion to Compel Compliance with Subpoena and Brief in Support with this Court. ECF No. 6. She alleges that Defendant never responded to the subpoena and requests that this Court order Defendant to comply with it. *Id.* at 2-3.

On February 11, 2022, Defendant filed a Memorandum in Opposition to Motion to Compel Compliance with Subpoena. ECF No. 14. Defendant contends that since Plaintiff filed her Motion to Compel Compliance with Subpoena, Defendant's counsel has been in contact with her about the production of the requested documents. *Id.* at 2. Specifically, Defendant contends that his counsel communicated with Plaintiff in letters dated December 8, 2021, and December 23, 2021, and produced the requested documents to her by mail on January 31, 2022. *Id.* As such, Defendant argues that Plaintiff's motion should be denied as moot.

## II. ANALYSIS

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a

3

privilege applies." *Keefe v. City of Minneapolis*, No. 09-cv-2941 (DSD/SER), 2012 WL 7766299, at *3 (D. Minn. May 25, 2012) (citation omitted). "At any time, on notice to the commanded person, the [party serving a subpoena] may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quotation omitted). "[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case." *Id.* (quotation omitted). Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d at 742-43.

Rule 45 expressly requires a party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). As such, even relevant "discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted). "[C]oncern for the unwanted burden thrust upon non-parties is

4

a factor entitled to special weight in evaluating the balance of competing needs." *Id*. at 927 (quotation omitted). Accordingly, any order compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii); *see* Fed. R. Civ. P. 45(d)(3)(A)(vi) (court must quash or modify a subpoena that subjects a person to undue burden). Likewise, "the Court can consider whether and to what extent the discovery sought can be more easily obtained" from a party as opposed to a non-party. *Deluxe Fin. Servs. v. Shaw*, No. 16-cv-3065 (JRT/HB), 2017 WL 7369890, at *5 (D. Minn. Feb. 13, 2017) (citation omitted). In the end, the Court "has very wide discretion in handling pretrial discovery." *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quotation omitted). The Court "must consider all of the information brought by the parties to reach a case-specific determination about the appropriate scope of the subpoena." *Deluxe Fin. Servs. v. Shaw*, No. 16-cv-3065 (JRT/HB), 2017 WL 7369890, at *4 (D. Minn. Feb. 13, 2017) (quotations omitted); *see Vallejo*, 903 F.3d at 742.

Here, Plaintiff requests that the Court enforce the subpoena that directs non-party Defendant to produce "[a]ll emails, memoranda or other documents relating to the interception of phone calls or mail to or from former inmate [Plaintiff]," "[a]ll logs of copied mail or phone calls," and "[r]ecordings of any phone call to" three separate phone numbers from when Plaintiff was housed in the Livingston County Jail. ECF No. 1. Defendant does not contend that producing the requested materials would cause him a significant expense or other undue burden. Rather, Defendant contends that he has already produced the requested materials and the motion should therefore be denied as moot.

5

On January 31, 2022, Defendant mailed Plaintiff a letter and encrypted USB drive containing electronic documents requested by the subpoena. Decl. of John P. Heil, Jr. at 2-3. The letter stated:

> Enclosed please find recordings and spreadsheets regarding Livingston County Jail phone communications requested in your enclosed subpoena directed to Sheriff Tony Childress. Pursuant to your 'Meet and Confer on Subpoena Response' letter of July 26, 2021, these materials are provided on a USB drive. Please also find enclosed a Certificate of Completeness executed by Chief Deputy Jeffrey G. Hamilton of the Livingston County Sheriff's Office. The password for the USB drive will be sent under separate cover, as office protocol does not permit us to send the password and the USB drive together in one envelope.
>
> As stated in our previous correspondence, Sheriff Childress and the Livingston County Sheriff's Office do not possess or have access to any of the email communications sought through your subpoena.

Ex. B to Decl. of John P. Heil, Jr. at 5, ECF No. 15-1. Attached to the letter was a Certificate of Completeness signed by Chief Deputy Jeffrey G. Hamilton of the Livingston County Sheriff's Office, which stated that the documents provided in response to Plaintiff's subpoena "is a complete production of materials responsive to the subpoena in the care, custody and control of the Livingston County Sheriff's Office," and that "[t]o the best of its ability, the Livingston County Sheriff's Office engaged in a good faith search and retrieval of documents which [Chief Deputy Hamilton] believe[s] to be responsive to th[e] subpoena." Ex. C to Decl. of John P. Heil, Jr. at 7, ECF No. 15-1. A separate letter was sent to Plaintiff that contained the password to the USB drive. Ex. D to Decl. of John P. Heil, Jr. at 9, ECF No. 15-1.

Based on the information presented by Defendant, this Court finds that Defendant has complied with Plaintiff's subpoena because Defendant produced all documents in his

possession, custody, or control responsive to the subpoena. As such, Plaintiff's motion to compel compliance with the subpoena is moot. *See, e.g., Jacobson v. Hound Dog Pet Hotel, LLC*, No. 04-cv-3809 (PAM/RLE), 2005 WL 8164434, at *2 (D. Minn. May 23, 2005) (denying as moot a motion to compel compliance with subpoena where the documents had already been produced); *Rollins v. Banker Lopez & Gassler, PA*, No. 8:19-cv-2336-T-33SPF, 2020 WL 1939396, at *1 (M.D. Fla. Apr. 22, 2020) (denying as moot a motion to compel compliance with non-party subpoena where the non-party informed the court that it had no responsive documents to the subpoena).

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Verified Motion to Compel Compliance with Subpoena and Brief in Support, ECF No. 6, is **DENIED AS MOOT**.

Date: May   19  , 2022

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hari v. Childress*
Case No. 21-mc-66 (ECT/TNL)